IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEMUEL ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-1257 |
| | § | |
| PARSONS STATE HOSPITAL & | § | |
| TRAINING CENTER; HARRIS | § | |
| COUNTY APPRAISAL DISTRICT; | § | |
| and TAXPAYERS FOR EQUAL | § | |
| APPRAISAL OF HOUSTON, | § | |
| TEXAS, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On April 12, 2005, Plaintiff Lemuel Anderson ("Anderson") filed his original complaint *pro se* in this Court, seeking declaratory relief, injunctive relief, and monetary damages to address the disclosure of his medical records without his express written consent. After reviewing the pleadings and submissions on file, the Court *sua sponte* determines it lacks subject matter jurisdiction and dismisses the action.

The Court has the ability to raise the issue of subject matter jurisdiction *sua sponte* (on its own motion). *See Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996). Individuals filing cases in federal court have an affirmative duty to allege facts in their complaint which confer jurisdiction. *Id*. Subject matter jurisdiction can be based on

federal question or diversity jurisdiction.  28 U.S.C. §§ 1331 & 1332 (2000).  Here, Anderson does not specifically allege the basis for the Court's subject matter jurisdiction.  Filing himself, Anderson's underlying claims in his complaint primarily allege state law violations of defamation and possibly invasion of privacy due to the release of his medical records.  As relief, Anderson seeks a declaratory judgment, injunctive relief, and monetary damages.

However, "the Declaratory Judgment Act . . . does not provide a federal court with an independent basis for exercising subject-matter jurisdiction."  *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001).  The underlying cause of action or claim must arise under federal law.  *Gaar*, 86 F.3d at 453.  In a declaratory judgment action, it is "the character of the threatened state action that determines whether federal courts have jurisdiction."  *Id*. at 454.  Because Anderson's complaint alleges state law claims, this Court is without subject matter jurisdiction as the basis of his case is not grounded in federal law.

Alternatively, diversity jurisdiction is also not available to establish subject matter jurisdiction.  *See* 28 U.S.C. § 1332.  Federal district courts have jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the matter is between citizens of a state and citizens or subjects of a foreign state.  *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing 28 U.S.C. §

1332(a)(2)).  Here, Anderson has not alleged that the amount in controversy exceeds $75,000.  Moreover, there is not complete diversity of citizenship amongst the parties as Anderson is from Texas and two of the Defendants, Harris County Appraisal District and Taxpayers for Equal Appraisal of Houston, Texas, are also from Texas.  Accordingly, the Court hereby

    ORDERS that Lemuel Anderson's complaint is DISMISSED for lack of subject matter jurisdiction in federal court.

SIGNED at Houston, Texas, on this  8th  day of June, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge